IN THE CIRCUIT COURT SEVENTH JUDICIAL CIRCUIT IN AND FOR
VOLUSIA COUNTY, FLORIDA

JOANN GILMARTIN,
    Plaintiffs,
vs.

CASE NO.: 2020
DIVISION:

J.P. MORGAN CHASE BANK, N.A.,
    Defendant,
_____/

## PLAINTIFF'S VERIFIED COMPLAINT

COMES NOW the Plaintiff, JOANN GILMARTIN, a single woman, by and through her undersigned attorney, and files this Verified Complaint, and in support thereof alleges the following:

1. This is an action for damages brought by an individual consumer for Defendant's Violations of the Florida Consumer Collection Practices Act, Fla. Stat. §559.55-559.785, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. This is an action for damages that exceeds $30,000.00 exclusive of attorney fees and costs.

3. This Court has jurisdiction and venue for purposes of this action, pursuant to Florida Statutes, allowing debtors to bring civil actions against those violating the provisions of §559.72 in the county in which the alleged violator resides or has his or her principle place of business or in the county where the alleged violation occurred.

4. Venue is proper in this Court, as all acts giving rise to this claim occurred in Volusia County, Florida.

5. The Defendant is an active corporation doing business in Volusia County, and throughout the State of Florida and is subject to personal jurisdiction in Volusia County. Fla. Stat. §1.01(3).

6. The Plaintiff, JOANN GILMARTIN, is an individual who resides in Volusia County, and engaged the services of the Defendant in Volusia County, Florida.

## COUNT I – VIOLATION OF THE FLORIDA CONSUMBER COLLECTION PRACTICES ACT SECTION 559.72(9)

7. Plaintiff is a consumer and the obligation between the parties is the debt owed pursuant to the subject note is a consumer debt as defined in Florida Statute 559.55(1)

8. Florida Statute 559.72(9) provides that in collecting consumer debts, no person shall:

> Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

9. The Defendant has violated Fla. Stat. §559.72(9) by claiming the Plaintiff to be delinquent with an existing obligation and/or attempting to enforce a debt against the Plaintiff with knowledge said debt was not legitimate.

10. Prior to Defendant's enforcement of said debt, the Plaintiff communicated with the Defendant about an error causing the Defendant to miscalculate the amount of the debt owing.

11. On March 10, 2020, during a telephone call placed by the Plaintiff to the Defendant's agents, Nicolas Keating and Paul Tua, the Defendant acknowledged the error and accepted the correct amount owed for the subject mortgage, $666.56.

12. On April 14, 2020, the Plaintiff provided documentation to the Defendant showing the tax error causing the error. See attached correspondence and documentation dated April 13, 2020, and marked as Exhibits A, B and C.

13. The Defendant verbally acknowledged the error on March 10, 2020, during a very lengthy telephone conference(s), and acknowledged the error in writing on April 26 and 27, 2020. See attached letter and email from the Defendant, marked as Exhibits D and E.

14. On or before April 8th, April 9th, 2020, the Defendant disregarded said error and reported the illegitimate debt to third parties and/or a third party causing the Plaintiff to incur actual damages.

15. The Plaintiff further seeks punitive damages from the Defendant, as permitted by Fla. Stat. §559.77(2), and/or other equitable remedies, necessary to prevent the Defendant from committing similar violations in the future.

WHEREFORE, the Plaintiff, JOANN GILMARTIN, hereby demands damages against the Defendant for actual damages in excess of $30,000.00, excluding attorney fees, interests, and court costs, for punitive damages, and for costs of suit as incurred in this action, and for any further relief as this Honorable Court may deem appropriate.

## COUNT II – DEFAMATION

16. The Plaintiff repeats and re-alleges and incorporates by reference Paragraphs 1 through 14 above.

17. Prior to the publication of the defamatory and/or libelous statements that are the subject of this lawsuit, the Plaintiff had reputable and valuable credit that allowed her to conduct business transactions with ease, and otherwise enjoyed all the benefits that are typically experienced with a healthy and/or favorable credit score.

18. The Defendant made a false statement that the Plaintiff was delinquent on her residential mortgage, Chase account number ending with 7111, after receiving actual notice that there was an error concerning the Plaintiff's property tax liability, which in the normal course of business was paid by the Defendant to the respective government entity, Volusia County tax collector.

19. The false statements by the Defendant includes but is not limited to publications on April 8th and April 9th, 2020, to major credit bureaus TransUnion and Experian. See attached printouts from creditwise.capitalone.com/activity, and marked as Exhibits F and G.

20. The false statements were published by the Defendant in complete disregard of their obviously harmful effect on the Plaintiff's reputation and/or favorable credit history. In addition, the Defendant's false statements have caused the Plaintiff to be regarded as an

individual with questionable credit worthiness as compared to the healthy reputation the Plaintiff enjoyed prior to the Defendant's wrongful acts.

21. As a direct and proximate result of the Defendant's false and libelous publication, the Plaintiff's reputation as a worthy consumer has been substantially impacted causing others to refrain from doing business with the Plaintiff or causing others to increase the costs of conducting consumer and/or business transactions with the Plaintiff. The Plaintiff has also suffered great mental anguish, loss of sleep, embarrassment, and humiliation.

22. The defamatory statement or statements were authorized by the Defendant, were made by the Defendant while acting within the scope of the Defendant's corporate authority and during the performance of Defendant's corporate duties.

23. The defamatory statement has directly resulted with the Plaintiff incurring actual damages more than $30,000.00.

24. The Plaintiff also pleads for punitive damages because of Defendant's intentional, wanton and malicious failure to employ safeguards to prevent the wrongful conduct and harm that is the subject of this action.

WHEREFORE, the Plaintiff, JOANN GILMARTIN, hereby demands damages against the Defendant for general damages in excess of $30,000.00, excluding attorney fees, interests, and court costs, for punitive damages, special damages incurred for repair of false statements, and for costs of suit as incurred in this action, and for any further relief as this Honorable Court may deem appropriate.

## DEMAND FOR TRIAL BY JURY

The Plaintiff hereby requests trial by jury for all claims contained within this Complaint.

I, JOANN GILMARTIN, hereby swear and affirm, subject to the penalties of perjury, that the facts alleged in this Complaint are true and correct.

_____
JOANN GILMARTIN, Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon the Defendant.

/s/ Bradley S Sherman

Bradley S. Sherman, Esquire
Florida Bar No.: 0109452
105 E Church Street
DeLand, FL 32724
Primary Email: brad@shermanlawoffice.net
Secondary Email: staff@shermanlawoffice.net
Attorney for the Plaintiff, Joann Gilmartin

**CERTIFICATE OF CORRECTION OF TAX ROLL**
Sections 197.131 and 197.122, Florida Statutes

COC # 2380
TX409FL
R. 4/16

To: Tax Collector     VOLUSIA County, Florida

Please make the corrections below to the [X] Real Property  [ ] Tangible Personal Property   Tax Roll for 2019.

Parcel ID: 4782661
O.R. book:
Page:

Name: GILMARTIN JOANN
Tax roll description: 4 18 30 E 358.20 FT OF N 1/2 OF NE 1/4 OF N 1/2 GOVT LOT 5 P ER OR 2678 PG 0539 PER OR 5412 PG 4841 PER OR 5820 PGS 3829-3830

Address: 1742 S WOODLAND BLVD #235, DELAND FL 32720

Property Location: 1095 GRAND AVE ORANGE CITY 32763

### Refunds
- [ ] Refund less than $2,500 — Tax collector: determine refund
- [X] Refund $2,500 or more — Tax collector: send to DOR for action (s. 197.182, F.S.)
- [X] Material mistake of fact being corrected according to s.197.122, F.S., within one year of approval of the tax roll according to s. 193.1142, F.S., on 07/29/2019 (enter date).

### Correction Type
- [X] Add to roll
- [ ] Delete from roll
- [ ] Combined with
- [X] Correct name, address
- [ ] Doubled with
- [ ] Correct description
- [ ] Split from Parcel ID
- [ ] Back assessment

| Values | Initial | Corrected |
|---|---|---|
| Just Value | 244,179 | 244,179 |
| Assessed or classified value, school | 244,179 | 125,423 |
| Assessed or classified value, non-school | 244,179 | 125,423 |
| Homestead, regular | 25,000 | 25,000 |
| Homestead, additional | 25,000 | 25,000 |
| Senior homestead, county | 0 | 0 |
| Senior homestead, municipal | 0 | 0 |
| Economic | 0 | 0 |
| Parent/Grandparent assessment reduction | 0 | 0 |
| Deployed service member homestead, school | 0 | 0 |
| Deployed service member homestead, non-school | 0 | 0 |
| Historic, county | 0 | 0 |
| Historic, municipal | 0 | 0 |
| Exempt value, non-homestead, school | 500 | 500 |
| Exempt value, non-homestead, non-school | 500 | 500 |
| Penalty, TPP | 0 | 0 |
| Tax discount | 0 % | 0 % |
| Other: | | |
| Total Tax | 5,158.49 | 1,734.83 |

### Exemptions and Assessment Limitations
- [X] Homestead
- [ ] Widowed
- [ ] Blind
- [ ] Governmental
- [ ] Institutional
- [ ] Total & perm't disability
- [ ] 3% homestead limit
- [ ] 10% non-homestead limit
- [ ] Senior homestead
- [ ] Senior homestead - 25 yr.
- [ ] Deployed military
- [ ] Disabled vet senior discount
- [ ] Disabled vet/spouse
- [ ] Disabled vet/spouse serv conn
- [ ] Disabled vet/spouse wheelchair
- [ ] Surviving spouse of first responder, line of duty
- [ ] Surviving spouse of veteran, active duty
- [ ] Parent/Grandparent asmt reduction
- [ ] Tangible personal property
- [ ] Other:

### Adjusted Value
- [ ] Land
- [ ] Lot size
- [ ] Acreage
- [ ] Building
- [ ] Square feet
- [ ] Curtilage change
- [ ] Miscellaneous
- [ ] Number of lots
- [ ] Other:
- [ ] Tangible personal property
- [ ] Number of residential units

### Adjusted Use
- [ ] Allow agricultural classification
- [ ] Commercial
- [ ] Improvement
- [ ] Vacant
- [ ] Other:

### Reasons for Correction
HX (01) & DX (35) REINSTATED PER REQUAL APP - ADDRESS UPDATED

LARRY BARTLETT, J.D. / Janice Cornelius
Signature, Property Appraiser/Deputy
13-APR-2020 04:34 PM
Date

Received by:
Signature, Tax Collector/Deputy
Date

Exhibit "A"



Exhibit "B"

(2) Re: [EX] HOMESTEAD EXEMPTION MESS

Sent with ProtonMail Secure Email.

-------- Original Message --------
On Monday, April 13, 2020 1:47 PM, Stephanie Taylor <staylor@volusia.org> wrote:

> Mr. Gilmartin, Thank you for sending your requalify documents to me via email. I have processed the correction to reinstate your homestead & disability exemption. I have also updated your mailing to the address on Woodland Blvd. The correction will be signed off by my supervisor and then sent to the tax collector's office to issue the refund. I have included a copy of the correction in this email. I hope this helps & should you need anything else please let me know.

> Stephanie Taylor
> Records Department
> Volusia County Property Appraisers Office
> 386-736-5901

> > > > "SCOTSMARTIN" jgilmartin@protonmail.com 4/13/2020 5:15 PM >>>

> CAUTION: This email originated from outside Volusia County's email system. DO NOT CLICK links or attachments unless you recognize the sender and/or know the content is safe.

> Stephanie,
> Further to our telephone call this is a summary of events so far :
> *Upon attempting to pay my March 2020 mortgage installment, I discovered that my property tax payment had more than doubled and Chase had paid this inflated amount on my behalf in November 2019.
> *Upon investigating my own records below, I discovered that Volusia County had cancelled my homestead exemption.
> *Further investigation revealed that this was due to their failure to update my address change (which had been properly reported to them at the Orange City office by me).
> *Upon calling Volusia County and being mis-directed through several individuals, I eventually spoke to you (a conversation you just told me you cancelled having). You advised that I'd need to resubmit my application from scratch along with supporting documents - including a letter from my utility provider confirming continuous service at 1045 Grand Ave - having declined my offer of submitting my bills which clearly show both service and mailing addresses.
> *I duly followed all of your instructions, requested a letter from my utility company (via email in order to expedite) and went in person to the Orange City office on March 4, 2020 at 11.34am where I completed the necessary paperwork given to me by Linda Benkin who advised me that she would be forwarding it to the appropriate destinations in Deland for action.
> *Since that date employees of Chase and I have been attempting to get a status update by telephone on my application (I have the relevant names/dates catalogued in my records) and have received varied responses ranging from no application submitted by me to my application is locked at Stephanie's desk which no one can access (that latter one was from Thursday of last week when I was told you would not be in the office until today).

Exhibit "C"

Chase (Mail Code OH4-7399)
P.O. Box 183222
Columbus, OH 43218-3222

**CHASE**

April 26, 2020

00220S - 1 of 1 NSF0F1A-Z1 00000000000
Joann Gilmartin
1742 S Woodland Blvd # 235
Deland, FL 32720-7915

**Here's the information you or a third party requested about your credit report.**

Account:              ******7141
Property Address:     1095 Grand Avenue
                      Orange City, FL 32763-0000

Dear Joann Gilmartin:

You or a third party acting on your behalf asked us for information about your credit report.

We researched our credit reporting records and agree that information on your credit profile needs to be updated. As a result, we've asked Equifax, Experian, Innovis and TransUnion to show that your March 2020 payment wasn't late. We apologize for reporting this information incorrectly.

It may take up to 30 days for the reporting agencies to make the requested update(s).

Reports from any credit reporting agencies other than Equifax, Experian, Innovis and TransUnion may contain outdated or incomplete information. For more credit reporting information, please visit chase.com.

If you have more information or documents to share with us, please send them to:

Mail:

Chase
Mail Code LA4-6945
700 Kansas Lane
Monroe, LA 71203

Fax: 1-614-422-7575, it's free from any Chase branch

If you have questions, please call us. We appreciate your business.

Sincerely,

*Steve Brooks*

Steve Brooks
Executive Director
Chase
1-800-836-5656
1-800-582-0542 TTY

Exhibit "D"

Secure Messages - chase.com

https://secure07b.chase.com/web/auth/dashboard#/dashboard/secur..

< Inbox

Inbox (2)

Sent messages

Special offers

Sent  Apr 27, 2020 11:24 AM
From Chase Home-Lending
Subject: Other Housing Inquiry

Delete  Reply

Chase Msg 4

Dear joann,

Thank you for keeping in touch. We're contacting you to touch base regarding your issues. We appreciate your patience.

First, we'd like to let you know that we've completed reviewing our interaction on March 10, 2020 when you've made the payment for $666.56. We've submitted a request to our Credit Research Team to amend the 30 days late payment that was reported to the credit bureaus.

Second, we've verified with your taxing authority and they confirmed that we've paid the correct amount of tax they've billed to us. However, because of what happened, we're expecting a refund to be deposited back to your escrow in at least the next 3 to 4 weeks. Once the refund has been deposited, we can adjust your monthly payment.

Third, since it's taking time for the tax refund to be deposited back to your escrow, we've also requested for a temporary payment change so we can accept a lower payment amount until we've resolved this issue for you. We want to confirm that you are aware the current payment due is $863.75 and that you will be making a lower payment in the amount of $666.56 for the month of May 2020. Please also be aware that allowing a lower payment may cause a higher

Exhibit "E"

5/12/2020 3:03 PM

Exhibit "F"

https://creditwise.capitalone.com/activity

Home | Simulator | Report | Alerts | Activity

# Credit & Identity Alerts

View your alerts for credit report changes, use of your SSN with a different name or address, or dark web activity associated with your identity

← Back to All Alerts

TransUnion®

**Credit Alert**
Delinquent Account

**Reported By**
JPMCB HOME LENDING

**Reported On**
Apr 08, 2020

### What does this mean?

This lender or creditor reported that your payment was 30, 60, 90 or more days late. When a payment is late, the lender reports the account as being a delinquent account.

View Credit Report →

How could this affect my score?

Exhibit "G"

https://creditwise.capitalone.com/activity

Home | Simulator | Reports | Alerts | Activity

# Credit & Identity Alerts

View your alerts for credit report changes, use of your SSN with a different name or address, or dark web activity associated with your identity

← Back to All Alerts

experian

Credit Alert
**Delinquent Account**

Reported By
Jpmcb Home

Reported On
Apr 09, 2020

Account Balance
$153,929

**What does this mean?**

This lender or creditor reported that your payment was 30, 60, 90 or more days late. When a payment is late, the lender reports the account as being a delinquent account.

View Credit Report →